UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**$20,069 IN UNITED STATES CURRENCY,**<br><br>**ONE BLUE 2021 JEEP GRAND CHEROKEE LIMITED BEARING VEHICLE IDENTIFICATION NUMBER 1C4RJFBG5MC674957,**<br><br>**ONE ROLEX OYSTER PERPETUAL DATEJUST WATCH BEARING SERIAL NUMBER 84W24D508,**<br><br>**TWO 14 KARAT YELLOW GOLD CUBAN LINK BRACELETS,**<br><br>**ONE 14 KARAT YELLOW GOLD CUBAN LINK NECKLACE,**<br><br>**ONE SET OF 14 KARAT YELLOW AND WHITE GOLD STUD STYLE EARRINGS, AND**<br><br>**ONE 14 KARAT YELLOW GOLD RING,**<br><br>**Defendants *in Rem.*** | **Civil Action No. 25-12055-FDS** |

**ORDER ON GOVERNMENT'S MOTION TO**
**<u>STAY CIVIL FORFEITURE CASE</u>**

**SAYLOR, J.**

This is an *in rem* action seeking forfeiture of property pursuant to 21 U.S.C. § 881(a)(6). The government requests this Court stay this proceeding until the related criminal case, *United*

*States v. Leudis Rafael Rivera Carmona*, 1:24-MJ-6322-MPK (D. Mass.), is resolved. For the following reasons, the motion to stay will be granted.

## I. Background

On June 6, 2024, the DEA executed a federal search warrant in connection with an investigation into a drug trafficking operation. (Gov't Mot., Dkt. No. 19, ¶ 1). The defendant property was seized as a result of the execution of that warrant. (*Id.*). During the execution of the warrant, Leudis Rafael Rivera Carmona fled. (*Id.*).

The government filed a criminal complaint as to Rivera Carmona, charging him with possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841. (*Id.* ¶ 2). On July 22, 2025, the government filed a complaint for forfeiture against defendant property, as it had probable cause to believe that it was used to facilitate a violation of 21 U.S.C. § 841 or § 846. (*Id.* ¶ 3).

In October 2026, the government was notified that Carmona was in custody in Texas. (*Id.* ¶ 6). The U.S. Marshals lodged a detainer for the federal criminal arrest warrant issued from this Court on the criminal complaint. (*Id.*).

## II. Analysis

Under 18 U.S.C. § 981(g)(1), "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the government to conduct . . . the prosecution of a related criminal case." The civil and criminal case here are linked. As the government states, the civil case will rely "almost entirely on the evidence generated by the law enforcement witnesses who investigated the criminal charges against Rivera Carmona." Gov't Mot., Dkt. No. 19, ¶ 9. Therefore, a stay is necessary to protect the government's interest in protecting the criminal prosecution from potentially broad civil discovery demands, including the taking of depositions.

## III. Conclusion

For the foregoing reasons, the government's motion to stay this proceeding until the related criminal case, *United States v. Leudis Rafael Rivera Carmona*, 1:24-MJ-6322-MPK (D. Mass.), is resolved is GRANTED.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge

Dated: November 12, 2026